

George Latimer
County Executive

Office of the County Attorney

John M. Nonna
County Attorney

May 3, 2021

**VIA ECF**
Hon. Nelson S. Román
United States District Judge
Southern District of New York
The Charles L. Brieant Jr. U.S. Courthouse
300 Quarropas Street
White Plains, N.Y. 10601

### Re: Clarke v. Westchester County, et al., 21-cv-1877 (NSR)

Dear Judge Román:

    This office represents Defendants Westchester County, Commissioner Thomas A. Gleason, and Martin McGlynn ("County Defendants") in the above-referenced action. In accordance with Your Honor's Individual Rules of Practice in Civil Cases, we respectfully request a conference with the Court in anticipation of filing a motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("F.R.C.P.").

    The County Defendants intend to move to dismiss Plaintiff's Complaint on the grounds that: (1) Plaintiff fails to allege a viable Monell claim against Westchester County; and (2) Plaintiff's § 1983 claims against Defendants Gleason and McGlynn in their individual capacities fail because Plaintiff fails to allege their requisite personal involvement in any alleged constitutional violations.

    Plaintiff alleges that he was arrested for the sale of crack cocaine to an undercover police officer on July 26, 2017. He alleges that all of the arresting officers involved knew that he did not sell drugs to an undercover officer on that date because he claims he was in North Carolina visiting family at that time.

    Plaintiff claims that there was a conspiracy among all of the defendant officers which resulted in the filing of a false felony complaint on April 24, 2018, sworn to by defendant Antonini, alleging that Plaintiff sold crack cocaine on July 26, 2017. On May 7, 2018, several weeks after

the filing of the criminal complaint, the Westchester County District Attorney's office announced 22 arrests were made in a "multi-jurisdiction drug sweep", identifying the arrestees and identifying six other individuals – including Plaintiff – for whom arrest warrants had been issued. Plaintiff alleges that on July 23, 2019, he was arrested in the City of White Plains and that he was informed by the arresting officers that he was being charged with selling drugs to an undercover police officer. He was charged with violating Penal Law 220.39(1), Criminal Sale of a Controlled Substance in the Third Degree, a B Felony.

Plaintiff asserts claims under 42 U.S.C. § 1983, alleging violation of his Fourth Amendment Rights, false arrest/unlawful imprisonment, malicious prosecution, violation of a right to a fair trial, and a failure to intervene. He asserts a Monell claim alleging that policies and practices violated his constitutional rights, as well as a claim of supervisory liability. Finally, he asserts state-law claims against the City of Mount Vernon and the Mount Vernon Police Department individual defendants.

As set forth in Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978), "Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." To establish a "policy, custom[,] or practice" under Monell, a plaintiff must show:

(1) A formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal policies.

White v. Westchester Cty., 2018 U.S. Dist. LEXIS 215153, at *26-27 (S.D.N.Y. Dec. 21, 2018) (citations omitted).

Plaintiff does not sufficiently plead a Monell claim under any of the above prongs. He identifies no "formal policy" or "practice so consistent and widespread" as required under Monell. Plaintiff's Monell claim consists of boilerplate allegations, which do not satisfy the requirements for Monell liability. His claims concerning "widespread practices" are purely conclusory assertions, devoid of any specifics. See Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012).

Plaintiff's § 1983 claims against Defendants Gleason and McGlynn in their individual capacities fail because he has not alleged that they were personally involved in conduct that rose to the level of a constitutional violation, as is required to establish liability under § 1983, and therefore his claims against them should be dismissed. See Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013) ("It is well settled that, in order to establish a defendant's individual liability in a suit brought under §1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation.") See also Ford v. Westchester Cty., 2020

U.S. Dist. LEXIS 13174, at *36 (S.D.N.Y. 2020) ("[I]t does not suffice for a plaintiff to 'merely recite[] the legal elements of a successful §1983 claim for supervisory liability'.") (citations omitted).

In light of the above, Defendants respectfully request a pre-motion conference concerning their intention to file a motion to dismiss Plaintiff's Complaint pursuant to F.R.C.P. 12(b)(6). I thank you in advance for your time and consideration of this matter, and should your staff need to contact me, I can be reached at (914) 995-3637.

Respectfully submitted,

Loren Zeitler
Senior Assistant County Attorney

cc: Counsel of record (**via ECF**)