

**THE QUINN LAW FIRM**

399 KNOLLWOOD ROAD, SUITE 220
WHITE PLAINS, NEW YORK 10603
Tel: 914.997.0555
Fax: 914.997.0550

35 Worth Street
New York, NY 10013
Tel: 646.398.3909

May 10, 2021

***Via ECF and Email***
Hon. District Judge Nelson S. Roman
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   *Henderson Clarke v. Det. Camilo Antonini, et al.*
      <u>21-CV-01877 (NSR)</u>

Dear Judge Roman,

As you are aware, the undersigned and The Quinn Law Firm, PLLC represent Defendants the City of Mount Vernon and individually-named Defendants Det. Camilo Antonini, Det. Sgt. Sean J. Fegan, P.O. Howard, Police Commissioner Shawn Harris, and Police Commissioner Glenn Scott (collectively, "City Defendants") in the above-referenced matter. Pursuant to the Court's Individual Rules of Practice, City Defendants respectfully request a pre-motion conference in anticipation of filing a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to join the briefing schedule set by the Court on May 7, 2021 (Docket Entry No. 27).

City Defendants intend to move for dismissal of the Complaint insofar as: 1) it does not state any claim for relief against Defendant Police Commissioners Shawn Harris and Glenn Scott; 2) it does not sufficiently allege a municipal liability claim under federal or state law against the City of Mount Vernon; and 3) it does not state a claim of intentional infliction of emotional distress as against any City Defendant under state law.

Plaintiff brings the instant action against Defendants for the following causes of action pursuant to 42 U.S.C. § 1983: 1) illegal search and seizure in violation of the Fourth Amendment; 2) false arrest and unlawful imprisonment; 3) malicious prosecution; 4) violation of a right to fair trial; 5) failure to intervene; 6) *Monell* claim; and 7) supervisory liability. Plaintiff also brings the following supplemental state law claims: 8) malicious prosecution; 9) intentional infliction of emotional distress; 10) negligent screening, hiring, and retention; 11) negligent training and supervision; and 12) respondeat superior liability.

Plaintiff's claims arise from his arrest on July 23, 2019. Plaintiff was arrested for Criminal Sale of a Controlled Substance in the Third Degree in violation of NY Penal Law § 220.39(1), for allegedly selling crack cocaine to an undercover police officer on July 5, 2017. Plaintiff alleges that the Defendant officers conspired to frame him for a crime he did not commit.

### *Plaintiff's Failure to Sufficiently Allege Liability on Behalf of Defendants Scott and Harris*

It is well-established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation." *See Cox v. Morley*, 2020 U.S. Dist. LEXIS 186076, *11, 2020 WL 5947002 (S.D.N.Y. 2020). Moreover, in *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020), the Second Circuit held that in pleading personal involvement of supervisory defendants, "there is no special rule for supervisory liability" and "[i]nstead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.*, at 618, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff has not alleged any actions taken personally by either Defendant Harris or Scott that form an actionable injury. Plaintiff has not put forth any facts showing that Defendant Harris or Scott directly engaged in conduct that constitutes false arrest, unlawful imprisonment, malicious prosecution, violation of a right to a fair trial, or failure to intervene. *See Jeanty v. City of Utica*, No. 6:16-cv-00966 (BKS/TWD), 2021 U.S. Dist. LEXIS 7737, at *106 (N.D.N.Y. Jan. 14, 2021) (holding that defendant police chief could not be held liable for any § 1983 claims where he was not involved in, or even aware of the alleged wrongdoing until after his arrest). Therefore, these claims fail as a matter of law to the extent that they are pled against Defendants Harris and Scott.

Moreover, Plaintiff's cause of action for supervisory liability against Defendants Harris and Scott is deficient. Plaintiff merely alleges, in a broad and conclusory fashion, that Defendants Scott and Harris failed to act upon allegations of misconduct and failed to properly supervise and train allegedly subordinate employees. Plaintiff provides no further support for his allegations. Instead, Plaintiff cites an online article and lists five civil cases against the City of Mount Vernon, none of which have any bearing on the instant matter. Plaintiff similarly fails to offer any explanation as to how Defendants Scott and Harris personally failed to train or monitor the actions of allegedly subordinate employees. Conclusory allegations that supervisory defendants are liable for constitutional injuries for failure to train and supervise their employees cannot survive a motion to dismiss. *See Johnson v. Schiff*, 2019 U.S. Dist. LEXIS 166372, *33 (S.D.N.Y. 2019), citing *Webster v. Fischer*, 694 F. Supp. 2d 163, 179 (N.D.N.Y. 2010). Therefore, Plaintiff's claim for supervisory liability against Defendants Harris and Scott as a matter of law.

### *Plaintiff's Failure to Sufficiently Plead a Claim for Municipal Liability*

Plaintiff's *Monell* claim is improperly pled because it contains only boilerplate allegations. "To adequately plead a claim for municipal liability under §1983, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (internal quotations and citations omitted).

Plaintiff has not sufficiently pled a *Monell* claim based on actions taken by municipal policymakers, namely Defendants Harris and Scott, because he has provided no details or explanation as to how they promulgated the alleged unlawful policies. *See DiPippo v. Cty. of Putnam*, No. 17-CV-7948 (NSR), 2019 U.S. Dist. LEXIS 33071, at *43 (S.D.N.Y. Feb. 28, 2019)

("The requirements for *Monell* liability based on the conduct of a final policymaker are near identical to those for supervisory liability").

Furthermore, Plaintiff has not pled a consistent and widespread practice of wrongdoing. Plaintiff has simply provided boilerplate allegations of widespread practices of misconduct and failing to train, discipline, and intervene, and. "A complaint must include more than broad or vague allegations to support a *Monell* claim… it is not enough to allege simply that a municipal policy or custom exists." *Luck v. Westchester Med. Ctr.*, No. 17-cv-9110 (NSR), 2020 U.S. Dist. LEXIS 18988, at *23 (S.D.N.Y. Feb. 4, 2020). Finally, Plaintiff has not sufficiently pled deliberate indifference by failing to provide training or supervision under the federal or state law standard. *See DiPippo*, at *45 ("the requirements for *Monell* liability based on a failure to train or supervise overlap with those required to show supervisory liability").

Similarly, Plaintiff has not adequately pled state law claims of negligent screening, hiring, and retention, or negligent training and supervision. *Brown v. State of N.Y.*, 12 Misc. 3d 633, 649 (Ct. Cl. 2006) ("claimants failed to offer any proof that supervisory personnel were aware or should have been aware that any of the police officers… had a propensity for violating constitutional rights in carrying out their duties"); *see also Mosca v. City of N.Y.*, No. 17-CV-4327 (SJF)(SIL), 2018 U.S. Dist. LEXIS 69846, at *20 (E.D.N.Y. Apr. 24, 2018)(dismissing plaintiff's claim for negligent hiring and retention where the Complaint fails to allege any specific facts concerning any of defendant's prior misconduct).

Finally, if the facts alleged by Plaintiff are taken to be true, Plaintiff cannot recover from the City on a theory of respondeat superior, because the actions alleged are outside of the scope of the individual officers' employment. *Id.* at *18.

### *Plaintiff's Failure to Sufficiently Plead a Claim of Intentional Infliction of Emotional Distress*

Assuming *arguendo*, that Plaintiff did sufficiently allege the elements of IIED, "New York does not recognize NIED or IIED causes of action where the conduct underlying them may be addressed through traditional tort remedies, such as false arrest." *Berrio v. City of N.Y.*, No. 15-cv-09570 (ALC), 2017 U.S. Dist. LEXIS 3759, at *21 (S.D.N.Y. Jan. 9, 2017). In the Complaint, Plaintiff claims unlawful search and seizure, false arrest, and malicious prosecution, among other traditional tort theories of liability. Therefore, Plaintiff cannot recover on a theory of IIED.

Thank you for your time and attention to this matter.

Respectfully submitted,

*Andrew C. Quinn*

Andrew C. Quinn, Esq.

ACQ:ma
cc:   Karen Newirth, Esq., *via ECF*
      Loren Zeitler, Esq., *via ECF*